IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOVELL S. BROWN,

    Petitioner,                   No. CIV S-07-1474 MCE EFB P

    vs.

B. CURRY, Warden, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move to dismiss this action as untimely. For the reasons explained below, the court finds that the motion must be granted.

**I.    Procedural History**

    On January 24, 2003, petitioner was convicted of various offenses and sentenced to serve over 18 years in prison. Lodged Docs. 1, 2. Petitioner appealed, and the judgment was affirmed on October 29, 2003. Lodged Docs. 3, 4. Petitioner did not file a petition for review in the California Supreme Court.

////

////

////

1

Petitioner sought post-conviction relief in state court. On May 8, 2005, petitioner filed a petition for a writ of habeas corpus in the trial court.[1] Lodged Doc. 5. That court found that the petition was untimely and denied relief on June 13, 2005. Lodged Doc. 6. Petitioner timely sought reconsideration, which the trial court denied on July 20, 2005. Lodged Docs. 7, 8. Thus, on November 27, 2005, petitioner filed a second petition for a writ of habeas corpus in the trial court. Lodged Doc. 9. The trial court denied relief upon the ground that the petition was untimely and in any event did not demonstrate any entitlement to relief on the merits. Lodged Doc. 10. Petitioner filed a habeas petition in the appellate court on April 2, 2006. Lodged Doc. 11. That court summarily denied relief on April 13, 2006. Lodged Doc. 12. Petitioner then filed a petition for a writ of habeas corpus in the California Supreme Court on April 27, 2006. Lodged Doc. 13. On December 13, 2006, the petition was denied.[2] On September 10, 2006, petitioner filed a third habeas petition in the trial court. Lodged Doc. 15. That court denied relief on December 4, 2006, on the ground that the petition was untimely. Lodged Doc. 16. On December 15, 2006, petitioner filed a notice of appeal in the appellate court. Lodged Doc. 17. On January 4, 2007, the appellate court dismissed the appeal because the trial court's order was not appealable. Lodged Doc. 18. On January 21, 2007, petitioner filed a petition for writ of error coram nobis in the appellate court, which the court summarily denied on February 1, 2007. Lodged Docs. 19, 20. Petitioner filed a petition for a writ of error coram nobis in the California Supreme Court on February 15, 2007. Lodged Doc. 20. On March 21, 2007, California Supreme Court denied the petition. Lodged Doc. 22.

---

[1] For each date petitioner filed a habeas petition in either a state or in federal court, this court deems the petition filed as of the date reflected on the certificate of service. *See* Rule 3(d), Rules Governing Section 2254 Proceedings; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

[2] Respondent attaches only a computer-generated docket sheet showing that the petition was denied. Thus, the court cannot determine the basis of the denial.

Petitioner filed his federal petition on July 2, 2007.

## II.     Legal Standards

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The period began to run from the date the judgment of conviction became final based on the expiration of the time for seeking direct review from the California Court of Appeal.  *See* 28 U.S.C. § 2244(d)(1)(A).  Under California law, the conviction became final forty days after the California Court of Appeal filed its opinion. *See* Cal. Rules of Court, Rules 8.264(b)(1), 8.500(e); 8.6; Cal. Civ. Proc. Code § 12a.  The period is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The period is tolled once a petitioner properly files a state post-conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2).  An application is properly filed when it is delivered to and accepted by a court clerk "in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  An untimely state post conviction application is not properly filed.  *Pace v. DiGugliemo*, 544 U.S. 408, 414 (2005).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82  (2001).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

### III. Analysis

Respondents contend that the federal habeas petition is untimely. In particular, they argue that petitioner began to pursue state post-conviction relief after the limitations period had expired. Petitioner argues that the petition is timely. He asserts that he filed the federal petition within one year of discovering the factual basis of his claims. Opp'n, at 4-5. He also asserts that the court should entertain his petition because he has good cause for not timely filing in state court. *Id.*, at 6.

Here, petitioner's conviction was final on December 8, 2003, and the limitations period began to run the next day, i.e., December 9, 2003. Thus, petitioner had until December 8, 2004, to file his federal habeas petition. He did not file a petition in federal court until July 2, 2007. Absent tolling, petitioner's application in this court is about one and one-half years late.

Respondents contend that petitioner is not entitled to statutory tolling. In particular, they assert that his initial state court petition was filed after the statute of limitations expired and that, in any event, the first petition in the trial court was not "properly filed." When a petitioner commences the process of seeking state post-conviction relief after the federal limitations period expires, the state-court applications do not toll the limitations period. *See Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed). Here, as noted above, the limitations period expired on December 8, 2004. However, petitioner did not file his first petition in the trial court until six months later, on May 8, 2005. Furthermore, the trial court unequivocally denied relief on the ground that the petition was untimely. Thus, under *Artuz* and *Pace*, the initial petition was not "properly filed." Each of these reasons alone is sufficient to find that petitioner is not entitled to statutory tolling. The court now turns to petitioner's arguments.

Petitioner also asserts that he filed his habeas petition within one year of discovering the factual basis for his claims. As noted above, the limitations period runs from the latest of several

4

alternative events. Under § 2244(d)(1)(D), the event that triggers commencement of the limitation period is "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." In the federal petition, he relies on the following facts: (1) his plea of guilty was involuntary because he was forced in open court to accept a plea bargain despite protesting that he was innocent; (2) his plea was involuntary in violation of his rights to a trial by jury, to cross-examine witnesses, and to present a defense; (3) the trial court raised a doubt about petitioner's competency to proceed to sentencing and suspended the proceedings, but failed to hold a competency hearing; (4) the trial court denied his request for DNA testing thereby preventing him from presenting a defense; (5) the evidence was insufficient to sustain the conviction because there was no evidence that the misconduct alleged ever occurred. Petitioner asserts that he became aware of these facts around January 21, 2007, when he filed his first petition for a writ of error coram nobis. Petitioner was involved in the actual proceedings that provide the factual predicate of each claim. Thus, is it implausible that he learned of these facts four years after his conviction. While it is plausible that he did not know until four years after his conviction that these facts could form the bases of claims for relief, this is of no import under § 2244(d)(1)(D). The court finds that the finality of his conviction triggered the commencement of the limitation period. Accordingly, petitioner's argument under § 2244(d)(1)(D) must fail.

      The court finds that petitioner's second argument must meet the same fate. Petitioner seems to argue that this court cannot defer to any finding that the state court petitions were untimely because California's timeliness rules for habeas applications are not adequate and independent to bar review of his claims. Opp'n, at 6-7. The body of habeas law that is the foundation of petitioner's argument is wholly inapplicable to any analysis of the statute of limitations, at least as the law stands now. It is unlikely that this precedent will change any time soon. The United States Supreme Court has distinguished between "conditions to filing," and "procedural bars." *Artuz v. Bennet*, 531 U.S. 4, 8 (2000). A "procedural bar" arises when a state

prisoner has failed to comply with a state procedure that is necessary to obtain review in state court. Once the prisoner defaults the rule, the federal court is barred from reviewing any claim lost by virtue of the default. Thus, the United States Supreme Court has held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). State prisoners asserting that their custody violates federal law must first present their claims to the state courts. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973) (noting that the exhaustion requirement is meant to "protect the state courts' rule in enforcement of federal law and prevent disruption of state judicial proceedings."). The procedural default doctrine is meant to ensure that state prisoners comply with a state's procedural requirements for presenting his federal claims to those courts. *Coleman*, 501 U.S. at 731-32. Otherwise, state prisoners could avoid state review of their federal claims, which would be "unseemly in our dual system of government." *Id.*, at 731. While the Anti-Terrorism and Effective Death Penalty Act in a broad sense is grounded in concerns of finality, comity and federalism, *see Williams v. Taylor*, 529 U.S. 420, 436 (2000), the statutory tolling provision in the limitations period is meant to accommodate these concerns. *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001) (noting that statutory tolling "promotes the exhaustion of state remedies by protecting a state prisoner's ability to later apply for federal habeas relief" despite the one-year limitation period); *see also Saffold*, 536 U.S. at 223 (statutory tolling is intended "to give States the opportunity to complete one full round of review, free of federal interference."). California clearly uses its timeliness requirements as a procedural mechanism for declining to review claims. *See Bennett v. Mueller*, 322 F.3d 573, 579-80 (9th Cir. 2003). While state procedural bars are not conditions to filing, but rather are conditions to obtaining relief, *Artuz*, 531 U.S. at 8, a state's time limit for filing,

even if utilized as a procedural bar, is a condition to filing for purposes of the federal limitations period. *Pace*, 544 U.S. at 417 ('[W]e hold that time limits, no matter their form, are 'filing conditions.''). Here, there is no question that the state court found that petitioner's state habeas application was not timely. Under the applicable precedent, this court finds that they were not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).

**IV.   Conclusion**

For the reasons explained above, the court finds that the petition was filed beyond the one-year limitation period and petitioner does not benefit from statutory tolling. Respondent's motion must be granted.

Accordingly, it is hereby RECOMMENDED that respondents' November 19, 2007, motion to dismiss be granted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 18, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE