IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOVELL S. BROWN,

    Petitioner,               No. CIV S-07-01474 MCE EFB P

    vs.

B. CURRY, Warden, et al.,

    Respondents.          <u>ORDER</u>

_____/

    Petitioner is a state prisoner seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On July 18, 2008, the magistrate judge found that this action was untimely and recommended that the respondent's motion to dismiss be granted, giving the petitioner time to file objections. On September 19, 2008, the court adopted those findings and recommendations in full and dismissed this action. Judgment was entered. Petitioner has filed a motion for reconsideration.[1] Respondents have filed a statement of no opposition.

    Pursuant to Fed. R. Civ. P. 60(b):

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)

---

[1] Petitioner's motion seeks relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. That rule permits the court to alter or amend the judgment. What petitioner actually seeks is relief from judgment so that he may have a fair opportunity to object to the findings and recommendations issued on July 18, 2008. Thus, his motion is governed by Rule 60(b).

1  newly discovered evidence which by due diligence could not have been discovered
2  in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore
   denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an
3  adverse party; (4) the judgment is void; (5) the judgment has been satisfied,
   released or discharged, or a prior judgment upon which it is based has been
4  reversed or otherwise vacated, or it is no longer equitable that the judgment should
   have prospective application; or (6) any other reason justifying relief from the
5  operation of the judgment.

6 Petitioner asserts that he never received a copy of the July 18, 2008, findings and
7 recommendations upon which this court's order of dismissal was based. Thus, he contends, he
8 did not have a fair opportunity to file objections. Respondents have provided the court with a
9 copy of a mail log documenting petitioner's incoming mail around the time the findings and
10 recommendations were served. Based on this log, the respondents concede that petitioner did not
11 receive a copy of the findings and recommendations. The court has examined the mail log. It
12 appears that those findings and recommendations are not listed therein. Moreover, the court has
13 examined the record in this case and finds that on July 18, 2008, the Clerk of the Court did not
14 serve the findings and recommendations on petitioner. Instead, the respondents motion to dismiss
15 was served. Thus, the court finds that petitioner did not receive a copy of the July 18, 2008,
16 findings and recommendations. He therefore did not have an opportunity to file objections.
17 These facts justify relieving petitioner from the operation of the judgment. Petitioner's motion
18 must be granted.

19  Accordingly, it hereby is ORDERED that:
20  1. Petitioner's October 1, 2008, motion for reconsideration is granted;
21  2. The judgment entered September 19, 2008, is vacated;
22  3. The Clerk of the Court is directed to serve the July 18, 2008, findings and
23 recommendations on petitioner;
24 ///
25 ///
26 ///

4. Petitioner has 30 days from the date this order is served to file objections to the July 18, 2008, findings and recommendations. Petitioner's failure to do so will result in the court finding that he has no objections, and dismissing this action as untimely.

Dated: November 6, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE